**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Petro Siruk, a sentiment man, and Marina Siruk, a sentiment woman, | Case No. 20-CV-2373 (WMW/KMM) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota (City of Elk River), Mary Yunker, Ben Zawacki, Ken Hanson, Don Starry, Christopher Flaten, Chad Hennum, Eric Homquist, Jeffrey Bednarek, Nabil Gubash, Brian Thorstsad, and Daniel Andren, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiffs Petro and Marina Siruks' application for leave to proceed *in forma pauperis,* ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1).[1]  (ECF No. 2).  The underlying complaint and

---

[1] This case is the fifth of nine filed by Petro Siruk and/or Petro & Marina Siruk from mid-April 2019 to present.  Magistrate Judge Tony N. Leung recently issued a Report & Recommendation wherein he numbered the nine cases for ease of reference. *See Siruk et al. v. State of Minnesota et al.*, 20-cv-2385 (NEB/TNL) (D. Minn. Jan. 14, 2021) *report and recommendation* [hereinafter *Siruk VI R&R*].  The undersigned will adopt the same numbering system, which is as follows: *Siruk v. Assurance Partners LLC et al.*, No. 19-cv-1021 (NEB/SER) (voluntarily dismissed July 24, 2019) (Petro) [*hereinafter Siruk I*]; *Siruk et al v. Cofman et al.*, 20-cv-1639 (NEB/DTS), *report and recommendation adopted*, 2020 WL 6434789, at *1 (D. Minn. Nov. 2, 2020) [hereinafter *Siruk II*] (dismissed for failure to state a claim and lack of jurisdiction); *Siruk v. Misheloff et al.*, No. 20-cv-2269 (PJS/HB) (Petro) [hereinafter *Siruk III*]; *Siruk v. Kendall*, No. 20-cv-2270 (JRT/ECW) (Petro) [hereinafter *Siruk IV*]; *Siruk et al. v. State of Minnesota (City of Elk River) et al.*, No. 20-cv-2373 (WMW/KMM) (Petro & Marina) [hereinafter *Siruk V*] (the present case); *Siruk VI*, No. 20-cv-2385 (NEB/TNL) (Petro & Marina); *Siruk v. Healthy Beverage Company*,

1

supplemental filings indicate that the Siruks wish to attack the outcome of a civil proceeding in state court, as well as the outcome of ongoing criminal proceedings in state court.  For reasons explained here, a litigant may not attack the validity of settled or ongoing state court proceedings.  The remaining allegations are frivolous for reasons explained below.  Typically, the Court considers the IFP application before any other action may be taken, however where a complaint contains obvious defects, the Court may review the contents of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Siruks' original complaint plainly stated that the they sought a remedy for violations of their rights by those acting under color of state law without any detail about the violative actions.  Based on the use of the "under color of state law" language, this Court will treat their complaint as a civil rights action brought under 42 U.S.C. § 1983.  A recent seven-page motion and the accompanying exhibits provide significant factual elaboration that this Court will consider in reviewing the substance of this litigation.[2]

---

No. 20-cv-2431 (ECT/DTS) (Petro) [hereinafter *Siruk VII*]; *Siruk v. State of Minnesota et al.*, No. 20-cv-2667 (SRN/ECW) (Petro) [hereinafter *Siruk VIII*]; *Siruk v. Mazur et al.*, No. 21-cv-0054 (JRT/HB) (Petro) [hereinafter *Siruk IX*].

[2] The Siruks' January 27 correspondence that they labeled as a motion and exhibits appears to be an attempt to amend or supplement the complaint.  (Docs. 12, 13.)  A litigant has a chance to amend his complaint once as a matter of right and a pro se litigant's filings are to be construed liberally, so this Court treated both documents as supplements to the complaint and considered them when reviewing the potential merits of this action.  *See* Fed. R. Civ. P. 15(a) (a party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after receipt of a responsive pleading if one is required); *see also Lindsey v. Moser*, No. 15-cv-2091 (SRN/SER), 2016 WL 11491387 (D. Minn. 2016) (reviewing all documents filed by a pro se litigant that could be construed as amendments to the complaint to give the pro se litigant a true liberal construction of his allegations).

Specifically, the Siruks allege that their rights were violated by a state court judge and bailiffs or local law enforcement when they appeared in state court for Ms. Siruk's proceedings with Capitol One regarding a credit card account. *See Capitol One v. Marina Siruk*, 71-cv-19-1006 (Sherburne Cnty. D. Ct.). At a summary judgment hearing in those civil proceedings, it appears the Siruks were escorted out of court for alleged contemptuous behavior. (Doc. 12 at 3-5.) Ultimately, the exhibits show that summary judgment was entered in favor of Capitol One and against Ms. Siruk for her failure to pay a credit card bill. (Doc. 13, Transcript at 12-13.) The Siruks' additionally challenge criminal proceedings that arose from the alleged contemptuous behavior at the Capitol One hearing. (Doc. 12 at 6-7.) A review of publicly accessible state court records reveals that the criminal proceedings are ongoing. For reasons that follow, the Siruks cannot use the present litigation to overturn or interfere with the results in the state court civil or criminal proceedings.

First, this Court notes that a litigant may not bring a case in federal court to undermine the judgment of a state court. The *Rooker-Feldman* doctrine[3] bars "state court losers from complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of

---

Additionally, this Court notes that the Motion also asks to dismiss the State of Minnesota and City of Elk River from these proceedings. This Court will recommend that the Motion (Doc. 12) be granted without further discussion, and that the other pending motions related to these parties be denied as moot (Docs. 4, 10).

[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

those judgments." *Exxon Mobile Corp. v. Saudi Basics Indus. Corp.*, 544 U.S. 280, 284 (2005). Stated differently, if a victory in federal court would undermine a state court judgment, then *Rooker-Feldman* prohibits a federal court from considering the case. "The doctrine also deprives lower federal courts of jurisdiction over claims that are 'inextricably intertwined' with claims adjudicated in state court." *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1034 (8th Cir. 1999) *citing Feldman*, 460 U.S. at 482, n. 16. A claim is inextricably intertwined under *Rooker-Feldman* if it 'succeeds only to the extent that the state court wrongly decided the issues before it [or] if the relief requested…would effectively reverse the state court decision or void its ruling." *Fielder*, 188 F.3d at 1035. However, jurisdiction is not immediately eliminated solely because a party previously litigated the matter in state court. *See Exxon*, 544 U.S. at 293. "If a federal plaintiff 'presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party…, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* (citations omitted).

The Siruks attack the legal process surrounding the entry of a judgment against Ms. Siruk in state court civil proceedings, so their contentions are directly intertwined with the judgment itself. If, for example, the Siruks succeeded in establishing that the state court judge somehow violated their rights by allowing the entry of summary judgment in the credit card debt case against Ms. Siruk, then the outcome of this proceeding would directly undermine the state court's holding in that civil proceeding. All of the factual allegations appear similarly intertwined with the heart of the civil

4

proceedings. This Court does not have jurisdiction over any claim directly related to or inexplicably intertwined with the outcome of the civil proceedings between Ms. Siruk and Capitol One, and dismissal without prejudice will be recommended for these claims. *See Fielder*, 188 F.3d at 1034; Fed. R. Civ. P. Rule 12(h)(3) (if the court determines at any time that it lacks jurisdiction, it must dismiss the action).

Aside from the aspects that are truly intertwined with the outcome of the proceedings, the Siruks also make some tangential claims that should not survive because they are frivolous. *See e.g. Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (courts may dismiss a claim as factually frivolous). For example, in their recent motion, the Siruks allege that they "reasonably could only rely on themselves and the use of electronics to exercise their right to feel secure, right to bear Arms, right to speak, right to self-defence, right to self-governance." (Motion [Doc. 12 at 6].) This statement refers to the Siruks' unauthorized attempt to use cell phones in the Sherburne County Courthouse to video and audio record the credit card debt collection proceedings that Ms. Siruk was to attend that day. The rest of the motion, and the supporting exhibits (including an alleged court reporter's transcript from the civil proceedings) show that the Siruks vehemently avoided compliance with normal court procedures and refused to cooperate with instructions from the judge or law enforcement on how to participate in the proceedings. From the moment the case was called, Mr. Siruk appears to have refused to even identify himself to the court. (Transcript [Doc. 13 at 2 lines 7-13].) Ultimately, the Siruks were removed from the courtroom because they refused to cease recording. (*Id.* at p.2 lines 13-p. 4 at 24.) Summary judgment was apparently entered in their absence after their act of

5

noncompliance. The present case focuses on attacking the roles of the state court judge and courtroom staff at the civil hearing.[4] Such an attack is frivolous because it is a further continued attempt on behalf of the Siruks to exist outside the normal bounds of judicial process. This effort is further exemplified by Mr. Siruk's behavior at his initial criminal appearance after he was detained at these civil proceedings.

As a result of his conduct at the civil hearing, Mr. Siruk was apparently detained by bailiffs or other law enforcement staff present at the Sherburne County Courthouse on that day. (Motion at 5-6); *State v. Petro Siruk*, 71-CR-20-295 (Sherburne County D. Ct. 2020). It appears that Ms. Siruk was also charged related to the interference at the civil hearing. *State v. Marina Siruk*, 71-CR-20-297 (Sherburne County D. Ct. 2020). In the present case the Siruks appear to challenge the validity of the ongoing proceedings related to their detention that day. However, a participant in ongoing state court criminal proceedings cannot attempt to alter the course of those proceedings by initiating a matter in federal court. A federal court refrains from exercising its jurisdiction under the *Younger* abstention doctrine if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant factors. *See Plouffe v. Ligon*, 606 F.3d 890, 892-93 (8th Cir. 2010) (explaining

---

[4] To the extent that the Siruks are attempting to claim, for example, that it is unconstitutional to prevent a litigant from video recording their own proceedings in state court, this claim may be like the type contemplated in *Exxon* that is independent but denies a conclusion reached in state court. *See Exxon*, 544 U.S. at 293. However, in the context of this case and the others recently filed by the Siruks, this Court will recommend that any such challenge be disallowed as frivolous because it is entangled with the Siruks' overall strategy of attacking outcomes of state court proceedings they were a party to.

*Younger* abstention); *Edner v. Redwood County District Attorney's Office*, 19-cv-2486 (SRN/LIB), 2020 WL 2215724 *1, *3-4 (D. Minn. 2020) (applying *Younger* abstention where a pro se plaintiff attempted to bring § 1983 claims against parties involved in ongoing state court criminal proceedings).

Here, a review of publicly accessible records reflects that the criminal proceedings are ongoing, and pretrial matters are scheduled this spring; this Court therefore will abstain under *Younger* from interfering with those proceedings. *See State v. Petro Siruk*, 71-CR-20-295 (Sherburne County D. Ct. 2020); *State v. Marina Siruk*, 71-cr-20-297 (Sherburne County D. Ct. 2020). The ongoing proceedings are doubly important because a state always has an integral interest in its ability to enforce its laws and to maintain the functioning and decorum of civil court proceedings. Thus, the reasons for this Court to abstain from interfering in the state criminal proceedings are strong. Additionally, the Siruks are already aware after attempting to remove those criminal proceedings to federal court, that they cannot use this District Court as a tool to intervene in ongoing criminal litigation occurring in state court. *See State of Minnesota v. Siruk et al.*, 20-cr-0191 (PAM/HB) (D. Minn. Sept. 8, 2020) (Doc. 5) (declining Petro and Marina Siruk's attempt to consolidate and remove two criminal cases from state court related to their contemptuous behavior at a civil credit card debt collection hearing in Sherburne County). For these reasons, this Court will recommend that any claim directly related to the ongoing criminal proceedings be dismissed without prejudice at this juncture on the basis of *Younger* abstention.

Returning to the issue of frivolity, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). Frivolity has been defined as a claim that "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). Courts are permitted to dismiss a case if it is based on an 'indisputably meritless' legal theory or if the factual allegations are so 'fanciful,' 'fantastic,' or 'delusional' as to be clearly baseless. *Neitzke*, 490 U.S. at 327-28; *see also Denton*, 504 U.S. at 32-33. A finding of frivolity is appropriate if the facts rise to the level of irrational or wholly incredible, but a case is not frivolous simply because the court finds the plaintiff's allegations to be unlikely. *Denton*, 504 U.S. at 33.

Pro se complaints are to be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (pro se complaints, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers). However, a court is under no obligation to repeatedly accept baseless filings, particularly those of the sovereign citizen fashion. *See e.g. Kaiser v. Morfitt*, 2019 WL 1997468 (N.D. Iowa 2019) (dismissing a sovereign citizen's complaint as frivolous where he had filed numerous cases in the district that all contained the same or similar "nonsensical legalese arguments about jurisdiction that he made in his prior, rejected cases."); *Hansen v. Nebraska*, 2020 WL 3100101 (D. Neb.

8

June 11, 2020) (finding a sovereign citizen's case to be frivolous where the plaintiff relied on the theory that he was a man not subject mainstream legal practices because such an approach is repeatedly rejected as frivolous and gathering cases to support the same); *Yisrael-Bey v. O'Toole*, 2018 WL 10425462 (E.D. Mo. 2018) (noting that arguments based on the sovereign citizen movement do not create federal subject matter jurisdiction); *Sellors v. Obama*, 2014 WL 1607747 (D. Minn. 2014) (Report & Recommendation at *6 n. 15) (noting that a complaint filed by a sovereign citizen was addressed on the merits at the motion to dismiss phase, but that it arguably could have been dismissed earlier as frivolous, and warning that future filings would be subject to dismissal for frivolity). The present case exhibits hallmark characteristics of frivolity, and dismissal on this basis will be recommended.

The vagueness and frivolity of the Siruks' complaint is self-evident both from the contents of their recent motion and exhibits, and by reference to their recent litigation history in this district. First, it can be inferred from the Plaintiffs apparent behavior, defying court orders at their civil hearing and insisting on using their own recording device, as well as from their own chronology of events in the motion and transcript, that they do not believe certain laws or court rules are applicable to them. Second, it can be seen from the alleged dialogue at Mr. Siruk's initial criminal appearance that he resists compliance with standard court procedures because when asked to identify himself he provided a variety of elusive responses. For example, in response to the Court's attempt to use his photograph on the record to identify him after he refused to identify himself he stated, "How can a name answer to you? First of all, I don't have firsthand knowledge of

9

whether the name belongs to me, but I believe that the name belongs to the United States." (Transcript [Doc. 13 at p. 19, lines 21-24].) At the same hearing he also repeatedly questioned the state court's jurisdiction and insisted on seeing certain verifications such as the judge's oath. Third, the Plaintiffs included a document that they styled as a "Standing Court Order" wherein they purport to rewrite the local rules for the Sherburne County Government Center to allow themselves to bring electronic devices into court rooms to record their proceedings. (Doc. 13 at 32). This conduct exemplifies their apparent belief that the laws and rules do not apply equally to them. District courts are not required to entertain litigation that is clearly baseless and lacks a foundation in law or fact. If the sum of the allegations meet that criteria, a case may be dismissed as frivolous. These three examples demonstrate that these litigants hold fantastical beliefs about the state court legal system, and that they do not intend to participate in routine legal proceedings.

The Siruks' conduct in recent litigation before this Court also demonst a belief that certain rules or practices may not apply to them. For example, after being warned in two earlier cases that they may lack a basis for jurisdiction, they crafted a very unique jurisdictional statement for all seven recent cases that appears to be an attempt to circumvent traditional bases for jurisdiction. *See Siruk I*, 19-cv-1021 (NEB/SER) (Mr. Siruk was advised of the requirements of diversity jurisdiction); *Siruk II*, 20-cv-1639 (NEB/DTS) (Mr. Siruk was advised of the legal framework regarding federal question jurisdiction and his claims were also assessed under § 1915(e)). Multiple judges of this Court have already recommended that the approach of complete reliance on the Seventh

10

Amendment be rejected. *See Siruk II, IV,* and *VI*. In each of those Recommendations, the Siruks' claims were also found to be unsupported or overly vague. Once the Siruks saw that their filings were not succeeding, they scrambled to provide the Court with more details, as they did in this case with the motion and exhibits. Although it is not wrong to act responsively, the Siruks have been warned that it is wrong to maintain baseless litigation.

The present case is an example of such baseless litigation. It is not appropriate for a litigant to appear in state court resisting application of court rules and the applicable law, and then when that is not successful, turn directly to federal court to demand that the state courts be forced to comply with that litigant's views on the role and function of litigation. The Siruks are asking this Court to oversee or review state court litigation in a capacity that is inappropriate. And although not all of the seven cases they have recently filed in this Court seek the exact same type of recourse, at least one other does—20-cv-2667 (PAM/ECW)—and dismissal has been recommended in that case. *See Siruk VIII*, 20-cv-2667 (PAM/ECW) Report & Recommendation (Feb. 5, 2021) (Doc. 5). Even in cases where federal jurisdiction exists, there are certain subjects that federal courts will not preside over because they call for a federal court to step too far into the affairs of an independent state. This federal restraint is what the Siruks are running into repeatedly with their pending litigation. Based on the record in the instant case, and informed by the Siruks' other pending cases in this district, this Court recommends that this case be dismissed for lack of jurisdiction, and to the extent it states other claims, for frivolity.

This Court also notes for the sake of thoroughness that, even if the abstention and frivolity issues did not exist, this case is also faulty as pled. The Siruks name eleven individual defendants in this case, but they only describe the personal actions of Defendant Judge Mary Yunker. To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation. *See White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). Without any personalized detail about the individual defendants' actions, these parties could be dismissed from the case for failure to state a claim.

To the extent that the Siruks intend to bring any variety of claim other than a § 1983 claim or a 'constitutional' claim, this Court recommends that any attempt to bring a common law claim (such as trespass) be dismissed. A court should decline to exercise supplemental jurisdiction over a state law claim when all claims over which the federal court has original jurisdiction are dismissed. *See Clark v. Roy*, No. 13-cv-2849 (MJD/HB), 2015 WL 1179380, at *3 (D. Minn. Mar. 13, 2015); *see also* 28 U.S.C. § 1367(c)(3). Here, the federal claims have been dismissed, so this Court will recommend declining supplemental jurisdiction over any potential remaining claims, such as those for common law trespass.

Based on the foregoing analysis, this Court recommends that this complaint be dismissed because it is an improper attempt to review a state court civil judgment, it is an improper attempt to meddle in ongoing state court criminal proceedings, and it is frivolous. Additionally, the Court recommends that the Siruks exercise caution before they institute future litigation of this nature. Individuals who file a large volume of cases

that are found to be frivolous can be subject to partial or complete restrictions on their ability to file claims without prior authorization of the Court.  *See e.g. Sassower v. Carlson*, 930 F.2d 583, 584 (8th Cir. 1991) (when a litigant engages in a pattern of filing frivolous claims, the court may order the litigant to obtain court approval before filing future lawsuits); *see also Slayton v. Mower County Sheriff's Office*, Case No. 19-CV-1294-DWF/TNL, 2020 WL 736683 *1, *4 (D. Minn. Jan. 29, 2020) (imposing a filing restriction on a frivolous litigant).  The Siruks currently have filed five cases in the last month and a half (20-CV-2269-PJS/HB; 20-CV-2270-JRT/ECW; 20-CV-2372-WMW/KMM; 20-CV-2385-NEB/TNL; 20-CV-2431-ECT/DTS).  If it is found that all of these cases are frivolous or fail to state a claim, or if the Siruks continue to file a large number of cases that are found to be baseless in the future, they may become subject to restrictions on their ability to initiate new litigation in this District.

It is therefore recommended that this matter be dismissed without prejudice for failure to state a claim and failure to establish jurisdiction.

Based on the filings herein, **IT IS RECOMMENDED THAT**:

1. The Siruks' Motion to Dismiss the State of Minnesota and the City of Elk River (ECF No. 12) be hereby **GRANTED,** and that the related Motion to Dismiss by the City of Elk River (ECF No. 4) and the Siruks' response (ECF No. 10) be **DENIED** as moot;

2. The case be hereby **DISMISSED** without prejudice; and

3. The application to proceed *in forma pauperis* [ECF No. 2] be **DENIED** as moot.

Date: February 22, 2021                    *s/ Katherine Menendez*
                                           Katherine Menendez
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).